**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4581**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

CRAIG DEMETRICE MCNEILL,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:21-cr-00098-BO-1)

─────────────

Submitted:  May 5, 2023                        Decided:  May 18, 2023

─────────────

Before KING and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Craig Demetrice McNeill appeals his conviction and 84-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  McNeill's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court correctly calculated the Sentencing Guidelines range.  Though notified of his right to do so, McNeill did not file a pro se supplemental brief.  After conducting our *Anders* review, we directed the parties to file supplemental briefs addressing whether the district court adequately explained its sentence and its reasons for rejecting McNeill's sentencing arguments.  For the reasons that follow, we affirm McNeill's conviction but vacate his sentence and remand for resentencing.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  First, we must determine whether the sentence is procedurally reasonable.  *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020).  In doing so, we consider whether the district court properly calculated the defendant's Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence.  *Gall*, 552 U.S. at 49-51.

*Anders* counsel questions whether the district court correctly assessed three criminal history points for McNeill's prior homicide conviction; started with a base offense level of 24; and applied a three-level enhancement for reckless endangerment during flight, U.S. Sentencing Guidelines Manual § 3C1.2 (2018).  Because McNeill did not raise these issues

2

below, we review only for plain error. *United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021). We discern none.

First, McNeill correctly received three criminal history points for his prior homicide conviction: though he committed the homicide 18 years prior to the instant offense, he did not complete his prior sentence until a year before the § 922(g)(1) violation. *See* USSG § 4A1.2(e)(1) (providing that prior sentence exceeding 13 months is countable if served during 15-year period preceding commencement of instant offense). Second, the district court properly calculated a base offense level of 24 because McNeill had more than one prior felony conviction for a crime of violence or controlled substance offense. USSG § 2K2.1(a)(2). And third, the court did not plainly err in applying the dangerous flight enhancement, given that, while fleeing from police, McNeill ran four stop signs, reached speeds of roughly 25 miles per hour over the speed limit, and crashed into a mailbox and utility pole located at a residential address. *See United States v. Burnley*, 988 F.3d 184, 191 (4th Cir. 2021) (explaining that, for dangerous flight enhancement, "[s]omething more [than just vehicular flight] is required").

Turning to the issues on which we directed supplemental briefing, "[a] sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the [18 U.S.C. § 3553(a)] factors . . . ." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (cleaned up). In other words, the court "must conduct an individualized assessment" by applying the § 3353(a) factors "to the particular defendant" being

sentenced. *United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020) (internal quotation marks omitted).

Moreover, "[w]here a defendant (or prosecutor) presents nonfrivolous reasons for imposing a sentence outside the Guidelines, the sentencing judge must address or consider those arguments and explain why he has rejected them." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (internal quotation marks omitted). As long as the "district court addresses [the] defendant's 'central thesis,'" an exhaustive explanation is not required. *Id.* Still, some explanation is necessary, as we may not "guess at which arguments the court might have considered or assume that the court has silently adopted arguments presented by a party." *Nance*, 957 F.3d at 214 (internal quotation marks omitted).

Prior to imposing sentence, the district court stated:

Taking into account the 3553(a) factors, and reviewing those against [McNeill's] pre-sentence report, the seriousness of the crime and his criminal history, the Court has taken all of that into account and finds that a mid- to high-level Guideline sentence is an appropriate range within which to sentence the defendant in this case.

(Joint Appendix 31). Then, without further elaboration, the court sentenced McNeill to 84 months' imprisonment—slightly under the high end of the 70-to-87-month Guidelines range.

From this record, we cannot discern why the district court opted for an 84-month sentence after indicating that a mid-level Guidelines sentence might also be appropriate. Nor can we find, based on the court's terse sentencing explanation, that the court conducted an individualized assessment of McNeill or applied the § 3553(a) factors specifically to him. Finally, we conclude that the court did not respond to, or indicate its consideration

4

of, McNeill's mitigation argument, in which he asserted that his difficulty adjusting to life outside prison and lack of parental support militated in favor of a low-end Guidelines sentence.

Accordingly, although we affirm McNeill's conviction, we vacate his sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*